# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>                Plaintiffs,<br><br>     vs.<br><br>WALTER E. MENDOZA, D.C., ANTHONY DEGRADI, RICHARD GROSSO, D.C., ROBERT HAAR, M.D., WAYNE HATAMI, P.T., MUSSARAT IQBAL, M.D., ROMAN KOSIBOROD, M.D., KENNETH MCCULLOCH, M.D., RICHARD SELDES, M.D., STEFAN TRNOVSKI, M.D., ALL COUNTY DIAGNOSTIC CHIROPRACTIC SERVICES P.C., ALLIANCE SPINE ASSOCIATES LLC, HAAR ORTHOPEDICS & SPORTS MEDICINE, P.C., HORIZON ANESTHESIA GROUP, P.C., MAIN STREET MED CARE P.C., NEW HORIZON SURGICAL CENTER LLC, NY MEDICAL SOLUTIONS P.C., NY SPINE/PHYSICAL THERAPY P.C., REGENCY HEALTHCARE MEDICAL, PLLC, UPPER EASTSIDE SURGICAL, PLLC, WALTER E. MENDOZA CHIROPRACTOR, P.C., WEM DIAGNOSTIC CHIROPRACTIC SERVICES P.C., WILLETS POINT CHIROPRACTIC, P.C., JOHN DOES 1-5 and ABC CORPS. 1-5,<br><br>                Defendants. | Case No.:<br><br>*Document Electronically Filed*<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>[Previously pending in the Supreme Court of the State of New York, County of Nassau, Index No. 608378/2018] |

TO:   CHIEF JUDGE AND JUDGES OF THE
      UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF NEW YORK

ON NOTICE TO:

    Chief Clerk
    Supreme Court, Nassau County
    100 Supreme Court Drive
    Mineola, NY 11501

    Skip Short, Esq.
    Short & Billy, P.C.
    217 Broadway
    New York, NY 10007
    *Attorneys for Plaintiffs*

    A. Ross Pearlson, Esq.
    Chiesa Shahinian & Giantomasi PC
    Eleven Times Square, 31st Floor
    New York, NY 10036
    *Attorneys for Defendants Anthony*
    *DeGradi, Robert Haar, M.D., Wayne*
    *Hatami, P.T., Roman Kosiborod, M.D.,*
    *Kenneth McCulloch, M.D., Richard*
    *Seldes, M.D., Stefan Trnovski, M.D.,*
    *Alliance Spine Associates LLC, Haar*
    *Orthopedics & Sports Medicine, P.C.,*
    *New Horizon Surgical CenterLLC,*
    *NY Spine/Physical Therapy P.C. and*
    *Upper Eastside Surgical, PLLC,*

    Robert Dash, Esq.
    Dash Law Firm, P.C.
    110 Marcus Drive
    Melville, New York 11747
    *Attorneys for Defendants Walter*
    *E. Mendoza, D.C., All County Diagnostic*
    *Chiropractic Services P.C., Walter E.*
    *Mendoza Chiropractor, P.C. and WEM*
    *Diagnostic Chiropractic Services P.C.*

**PLEASE TAKE NOTICE** that Defendants Richard Grosso, Mussarat Iqbal, Horizon Anesthesia Group, P.C., NY Medical Solutions P.C and Willets Point Chiropractic, P.C. (collectively, "the Removing Defendants"), with the consent of all defendants, hereby give notice of the removal of the above-captioned action from the Supreme Court of New York,

2

Nassau County, to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1441 and § 1446, as amended, and in accordance with 28 U.S.C. § 1331.

In support of this Notice of Removal, the Removing Defendants state:

1. Plaintiffs Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Insurance Company, and Allstate Fire & Casualty Insurance Company (collectively, "Plaintiffs") commenced this action on or about June 22, 2018 by filing a complaint (the "Complaint") in the Supreme Court of New York, Nassau County. The Complaint asserts claims against the Removing Defendants, as well as defendants Anthony DeGradi, Robert Haar, M.D., Wayne Hatami, P.T., Roman Kosiborod, M.D., Kenneth McCulloch, M.D., Richard Seldes, M.D., Stefan Trnovski, M.D., New Horizon Surgical Center LLC, NY Spine/Physical Therapy P.C., Regency Healthcare Medical, PLLC, Upper Eastside Surgical, PLLC, Alliance Spine Associates LLC, Haar Orthopedics & Sports Medicine, P.C., Main Street Med Care P.C., Walter Mendoza, All County Diagnostic Chiropractic Services P.C., Walter Mendoza Chiropractor, P.C. and WEM Diagnostic Chiropractic Services P.C. (collectively, the "Consenting Defendants," and together with the Removing Defendants, the "Defendants").

2. The Removing Defendants assert that each of the claims brought by Plaintiffs are frivolous, but because Plaintiffs' claims "arise under the Constitution, laws, or treaties of the United States," the Removing Defendants hereby seek to remove the State Court Action to the United States District Court for the Eastern District of New York.

3. The United States District Court for the Eastern District of New York includes Nassau County, where the State Court Action is now pending. Venue is therefore proper under 28 U.S.C. §§ 110 and 1446(a).

4. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the Removing Defendants and/or filed in the State Court Action are attached to this Notice as Exhibit A.

5. Concurrent with the filing of this Notice of Removal, and in accordance with 28 U.S.C. § 1446(d), the Removing Defendants are serving this Notice on Plaintiffs' counsel and filing a copy of the Notice with the Clerk of the Supreme Court of New York, Nassau County, along with a Notice of Notice of Removal, in the form attached as Exhibit B.

### The Notice of Removal is Timely

6. Pursuant to 28 U.S.C. § 1446(b), a Notice of Removal must be filed within 30 days of service of the Complaint.

7. Richard Grosso was served with a copy of the Complaint on July 10, 2018.

8. Mussarat Iqbal was served with a copy of the Complaint on July 21, 2018.

9. Horizon Anesthesia Group, P.C. was served with a Copy of the Complaint on July 21, 2018.

10. NY Medical Solutions P.C was served with a copy of the Complaint on July 21, 2018.

11. Willets Point Chiropractic, P.C. was served with a copy of the Complaint on July 10, 2018.

12. The Consenting Defendants have also been served with a copy of the Complaint, and consent to the removal of the State Court Action. Under 28 U.S.C. § 1446, the Consenting Defendants have signed consents to removal of the State Court Action, which are attached hereto as Exhibit C.

13. Main Street Med Care P.C. has not been served with the Complaint. Pursuant to 28 U.S.C. § 1448, following removal, service may be made by Plaintiffs in the same manner as in cases originally filed in the district court.

14. While more than 30 days have elapsed since the service of the Complaint upon one or more of the Consenting Defendants, pursuant to 28 U.S.C. § 1446(b)(2)(B) "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." Moreover, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."

15. As a result, this Notice of Removal is timely because less than 30 days have elapsed since the service of the Complaint on the Removing Defendants.

16. Defendants expressly reserve their rights under Fed. R. Civ. P. 81 to hereafter answer or present other defenses or objections in accordance with the Federal Rules of Civil Procedure.

## Removal Is Proper Because This Court Has Original Jurisdiction

17. Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

18. This Court has original jurisdiction over this action, because the Complaint asserts claims under the federal Racketeer Influenced and Corrupt Organizations ("RICO") Act, codified at 18 U.S.C. 1961 *et seq.* against the Removing Defendants as well as defendants Mendoza, All

5

County Diagnostic Chiropractic Services P.C., Walter Mendoza Chiropractor, P.C. and WEM Diagnostic Chiropractic Services P.C.

19. It is well settled that the District Court has original jurisdiction over federal RICO claims. *See Denney v. Deutsche Bank AG,* 443 F.3d 253, 266 (2d Cir. 2006) ("a court has original jurisdiction over a RICO claim").

20. Moreover, this Court also has supplemental jurisdiction over all remaining state claims, as well as all defendants, pursuant to 28 U.S.C. § 1367 because such claims are so related to Plaintiffs' federal law claims that they form a part of the same case or controversy. *See* 28.U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."); *see also U.S. Fire Ins. Co. v. United Limousine Serv., Inc.,* 328 F. Supp. 2d 450, 454 (S.D.N.Y. 2004) (noting that pendent party jurisdiction under 28 U.S.C. § 1367(a) provides the Court with supplemental jurisdiction over defendants not included in RICO claim).

21. Because this Court has original subject matter jurisdiction over this action, Defendants may remove this action pursuant to 28 U.S.C. §§ 1441(a) and 1446.

22. No admission of fact, law or liability is intended by the filing of this Notice of Removal. Defendants hereby preserve any and all defenses, objections and/or motions available under state and/or federal law.

## CONCLUSION AND PRAYER

WHEREFORE, pursuant to 28 U.S.C. §§ 1441 and 1446, as amended, and in accordance with 28 U.S.C. § 1331 and 1367, the Removing Defendants respectfully remove the above-captioned civil action, which is currently pending in the Supreme Court of New York, Nassau County, to the United States District Court for the Eastern District of New York, and request that all further proceedings be conducted in this Court as provided by law.

Dated: August 1, 2018

*/s/ Benjamin M. Pinczewski*
Benjamin M. Pinczewski
LAW OFFICES OF PINCZEWSKI & SHPELFOGEL
2753 Coney Island Avenue, 2nd Floor
Brooklyn, NY 11235
*Counsel for Removing Defendants*