FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  DEC 14 2018  ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALLSTATE INSURANCE COMPANY, ALLSTATE
INDEMNITY COMPANY, ALLSTATE PROPERTY &
CASUALTY INSURANCE COMPANY, and ALLSTATE
FIRE & CASUALTY INSURANCE COMPANY,

                    Plaintiffs,

            -against-

ANTHONY DEGRADI, ROBERT HAAR, M.D., WAYNE
HATAMI, P.T., MUSSARAT IQBAL, M.D., ROMAN
KOSIBOROD, M.D., KENNETH MCCULLOCH, M.D.,
RICHARD SELDES, M.D., STEFAN TRNOVSKI, M.D.,
ALL COUNTY DIAGNOSTIC CHIROPRACTIC
SERVICES P.C., ALLIANCE SPINE ASSOCIATES LLC,
HAAR ORTHOPEDICS & SPORTS MEDICINE, P.C.,
HORIZON ANESTHESIA GROUP, P.C., MAIN STREET
MED CARE P.C., NEW HORIZON SURGICAL CENTER
LLC, NY MEDICAL SOLUTIONS P.C., NY
SPINE/PHYSICAL THERAPY P.C., REGENCY
HEALTHCARE MEDICAL, PLLC, UPPER EASTSIDE
SURGICAL, PLLC, WALTER E. MENDOZA
CHIROPRACTOR, P.C., WEM DIAGNOSTIC
CHIROPRACTIC SERVICES P.C., WILLETS POINT
CHIROPRACTIC, P.C., WALTER E. MENDOZA, D.C.,
RICHARD GROSSO, D.C., JOHN DOES 1-5, and
ABC CORPS. 1-5,

                    Defendants.
-------------------------------------------------------------------X

ORDER
18-CV-4361 (SJF)(AYS)

FEUERSTEIN, District Judge:

I.      Introduction

        On or about June 22, 2018, plaintiffs Allstate Insurance Company, Allstate Indemnity

Company, Allstate Property and Casualty Insurance Company and Allstate Fire and Casualty

Insurance Company (collectively, "plaintiffs") commenced this action against: (i) defendants

Anthony DeGradi, Robert Haar, M.D., Wayne Hatami, P.T., Roman Kosiborod, M.D., Kenneth

McCulloch, M.D., Richard Seldes, M.D., Stefan Trnovski, M.D., Alliance Spine Associates

1

LLC, Haar Orthopedics & Sports Medicine, P.C., New Horizon Surgical Center LLC, NY Spine/Physical Therapy P.C., Regency Healthcare Medical, PLLC and Upper Eastside Surgical, PLLC (collectively, the "Alliance Defendants"); (ii) defendants Mussarat Iqbal, M.D., Horizon Anesthesia Group, P.C., NY Medical Solutions P.C., Willets Point Chiropractic, P.C. and Richard Grosso, D.C. (collectively, the "Removing Defendants"); (iii) defendants Walter E. Mendoza Chiropractor, P.C., WEM Diagnostic Chiropractic Services P.C., Walter E. Mendoza, D.C. and All County Diagnostic Chiropractic Services P.C. (collectively, the "WEM Defendants"); (iv) defendant Main Street Med Care P.C. ("MSMC"); and (v) several unidentified defendants designated as "John Does 1-5" and "ABC Corps. 1-5," in the Supreme Court of the State of New York, County of Nassau ("the state court"), asserting claims, *inter alia*, for common law fraud, violations of Section 349 of the New York General Business Law ("NYGBL"), unjust enrichment, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and (d). On August 1, 2018, the Removing Defendants filed a notice of removal removing the action to this Court pursuant to 28 U.S.C. § 1441(a) on the basis that this Court has original subject matter jurisdiction under 28 U.S.C. § 1331 over plaintiffs' RICO claims. Pending before the Court is plaintiffs' motion to remand this action to the state court pursuant to 28 U.S.C. § 1447(c). For the reasons set forth below, plaintiffs' motion is granted.


II.    Background

On or about June 22, 2018, plaintiffs commenced this action against the Alliance Defendants, the Removing Defendants, the WEM Defendants, MSMC and several unidentified defendants designated as "John Does 1-5" and "ABC Corps. 1-5," in the state court, asserting claims, *inter*

*alia*, for common law fraud, violations of NYGBL § 349, unjust enrichment, and RICO violations.

On July 9, 2018, a summons and the verified complaint were served upon MSMC pursuant to Section 311(a)(1) of the New York Civil Practice Law and Rules and Section 306 of the New York Business Corporation Law, by delivering duplicate copies thereof to a clerk in the office of the New York Secretary of State authorized to receive such service, together with the statutory fee.[1] (Affirmation of Randall K. Roonan, Esq. ["Roonan Aff."], Ex. B and D). The office of the New York Secretary of State mailed copies of the summons and complaint via certified mail, return receipt requested, to MSMC at the address of record specified by it for such purpose, *i.e.*, 475 Main Street, Patchogue, New York 11772. (*Id.*, Ex. D). Neither the mailing nor the return receipt was ever returned to the office of the New York Secretary of State by the United States Postal Service as being either deliverable or undeliverable. (*Id.*). An affidavit of service evidencing such service of process upon MSMC was filed in the state court on July 11, 2018. (Short Decl., Ex. 1).

In a declaration in opposition to plaintiffs' motion to remand, Benjamin M. Pinczewski, Esq. avers, *inter alia*, (i) that he was retained to represent the Removing Defendants and MSMC (collectively, the "Pinczewski Defendants") in July 2018, (Declaration of Benjamin M. Pinczewski, Esq. ["Pinczewski Decl."], ¶ 3); (ii) that "[i]n the course of preparing the Notice of Removal, [he] inquired with [his] clients regarding the dates they were served with the Complaint, in order to ensure that the Notice of Removal was timely filed[,]" (*id.*, ¶ 4); (iii) that the Removing Defendants "each advised [him] of their date of service[,]" (*id.*); and (iv) that

---

[1] In its certificate of incorporation, dated July 8, 1996, MSMC designated the New York Secretary of State "as the agent of the corporation upon whom process against it may be served[,]" and provided 475 Main Street, Patchogue, New York, 11722 as the address "to which the Secretary of State shall mail a copy of any process against the corporation served on him." (Reply Declaration of Skip Short ["Short Decl."], Ex. 4).

MSMC "advised that it was not served with a copy of the Complaint[,] [which] is significant because [MSMC] is largely a defunct entity, which has not been operating for the past seven or eight years, . . . has not submitted any new claims for reimbursement in several years[,]" and is "sole[ly] activ[e] . . . to collect old receivables, which are deposited into an account in Mineola, NY." (*Id.,* ¶ 5).

On August 1, 2018, a notice of removal was filed on behalf of the Removing Defendants only, (*see* Notice of Removal ["NOR"] at 2 and 7), removing the action to this Court pursuant to 28 U.S.C. § 1441(a) on the basis that this Court has original subject matter jurisdiction under 28 U.S.C. § 1331 over plaintiffs' RICO claims, and supplemental jurisdiction over all state law claims asserted in the complaint. (*Id.*, ¶¶ 19-20). In his declaration in opposition to plaintiffs' motion to remand, Mr. Pinczewski asserts, in pertinent part, that he "did not include [MSMC] as a moving party on the Notice of Removal so not to waive any challenges to service and indicated on the Notice of Removal that [MSMC] had not yet been served with the Complaint." (Pinczewski Decl., ¶ 6).

The introductory paragraph of the notice of removal provides: "PLEASE TAKE NOTICE that [the Removing Defendants], with the consent of all defendants, hereby give notice of the removal of the above-captioned action from the [state court] to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1441 and § 1446, as amended, and in accordance with 28 U.S.C. § 1331." (NOR at 2-3) (emphasis omitted). Although the notice of removal refers to the Alliance Defendants, the WEM Defendants and MSMC, collectively, as the "Consenting Defendants," (NOR, ¶ 1), it also distinguishes between the "Consenting Defendants" and MSMC by indicating, in pertinent part, (i) that "[t]he Consenting Defendants have also been served with a copy of the Complaint, . . . consent to the removal of the State

Court Action[,] . . . [and] have signed consents to removal of the State Court Action, which are attached [t]hereto as Exhibit C[,]" (*id.*, ¶ 12); and (ii) that MSMC "has not been served with the Complaint[,] [but] [p]ursuant to 28 U.S.C. § 1448, following removal, service may be made by Plaintiffs in the same manner as in cases originally filed in the district court." (*Id.*, ¶ 13). Moreover, the documents attached as Exhibit C to the notice of removal (the "Written Consents") were filed on behalf of the Alliance Defendants and the WEM Defendants only; MSMC is not included as a consenting defendant on either of those documents, nor is its independent and unambiguous consent otherwise indicated elsewhere in the notice of removal or any of the documents attached thereto.[2] (*Id.*, Ex. C). Mr. Pinczewski signed the notice of removal, indicating below the signature line, *inter alia*, that he was "Counsel for Removing Defendants," (*Id.* at 7) (italics omitted), which does not include MSMC.

An addendum to the civil cover sheet attached to the notice of removal indicates, in relevant part, that Mr. Pinczewski is "Attorney[] for Defendants Richard Grosso, D.C., Mussarat Iqbal, M.D., Horizon Anesthesia Group, P.C., Main Street Med Care P.C., NY Medical Solutions P.C., and Willets Point Chiropractic, P.C.," (NOR, Attachment ["Attach."] 2), *i.e.*, the Removing Defendants and MSMC. However, the civil cover sheet, itself, expressly provides, in relevant part, that it "and the information contained [t]herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form . . . is required for the use of the Clerk of the Court for the purpose of initiating

---

[2] Indeed, the Pinczewski Defendants rely solely upon their counsel's assertions that he "obtained [MSMC's] consent for removal prior to filing the Notice of Removal and listed [MSMC] as a 'Consenting Defendant' on the Notice of Removal[,]" (Pinczewski Decl., ¶ 7), as evidence of MSMC's consent to removal.  However, Mr. Pinczewski did not sign the notice of removal on behalf of MSMC, or otherwise indicate therein that he represented MSMC or that MSMC independently consented to removal. Moreover, as set forth above, the notice of removal inconsistently designates MSMC as one of the "Consenting Defendants," yet distinguishes MSMC from the "Consenting Defendants."

the civil docket sheet."[3] (*Id.*, Attach. 1 at 1). The notice of removal, itself, was filed only on behalf of the Removing Defendants; MSMC is neither included in the notice of removal as a removing defendant, nor as a consenting defendant in the Written Consents attached thereto. In addition, Mr. Pinczewski signed the notice of removal as "Counsel for Removing Defendants," without indicating anywhere therein, *inter alia*, that he represented MSMC or that MSMC independently consented to the removal. (*Id.* at 2 and 7).

Mr. Pinczewski avers, *inter alia*, (i) that "[a]t the time the Notice of Removal was filed [MSMC] was not aware that service was made on the Secretary of State[,] . . . [and] did not know that service was effectuated on the Secretary of State until receiving Plaintiffs' motion to remand[,]" (Pinczewski Decl., ¶ 10); (ii) that "[h]ad [MSMC] been aware that service was made upon the Secretary of State, it would have specifically joined the Notice of Removal as a removing party[,]" (*id.*, ¶ 11); (iii) that MSMC "did, however, consent to removal at the time the Notice of Removal was filed," (*id.*); (iv) that MSMC, "along with all other defendants, consented to the Notice of Removal at the time the Notice was filed[,]" (*id.*, ¶ 12); and (v) that "[t]o the extent that there is any question regarding consent, [MSMC] reaffirms its unambiguous consent to removal. . . ." (*Id.*). However, counsel submits no affidavit or declaration from an officer, director, principal or managing or general agent of MSMC, or of anyone else with personal knowledge, to that effect; nor does he address the affidavit of service evidencing service of process on MSMC that was filed in the state court on July 11, 2018 and, thus, was accessible to both MSMC and its counsel at the time the notice of removal was filed.

---

[3] No local rule of this Court provides that the civil cover sheet, or any information contained therein, may replace or supplement the pleadings or "other papers as required by law," such as a notice of removal required by 28 U.S.C. § 1446(a). In "initiating the civil docket sheet," the Clerk of the Court did not designate Mr. Pinczewski as the attorney of record for MSMC. Indeed, as of the date of this order, no attorney of record is indicated for MSMC on the civil docket sheet.  Moreover, the addendum to the civil cover sheet is not signed in accordance with Fed. R. Civ. P. 11. (*See* NOR, Attach. 2).

The records of the New York State Secretary of State, as of September 24, 2018, indicate, *inter alia*, that MSMC is a domestic professional corporation; that its current status is active; and that the address to which the Secretary of State is to mail process it accepts on behalf of MSMC is 475 Main Street, Patchogue, New York 11772, (Short Decl., Ex. 3), which is the address to which the Secretary of State's office sent the summons and complaint that was served upon it in this action as the statutory agent of MSMC. (Roonan Aff., Ex. D; *see also* Pinczewski Decl., ¶ 9 ["Notably, the affidavit of service provided by the Secretary of State's Office indicates that the Complaint was sent to [MSMC] at 475 Main Street, Patchogue, NY 11772, but that the mailing receipt was not returned to the Secretary of State as being deliverable."]). Although Mr. Pinczewski asserts that MSMC "has not been operating at th[at] address for several years[,]" (Pinczewski Decl., ¶ 9), he does not indicate, *inter alia*, that MSMC ever notified the Secretary of State's office of a change of address or otherwise updated its operating status or contact information with the Secretary of State's office; nor does he contend that the mailing was ever returned to the Secretary of State's office as being undeliverable.

Plaintiffs now move to remand this action to the state court pursuant to 28 U.S.C. § 1447(c) on the basis that the Removing Defendants have not established that MSMC consented to the removal of this action at the time the notice of removal was filed as prescribed by 28 U.S.C. § 1446(b).

III.    Discussion

The removal statute provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of

the United States for the district and division embracing the place where such action is pending."
28 U.S.C. § 1441(a).

The procedures for removal are articulated in 28 U.S.C. § 1446, which, *inter alia*, imposes what is commonly referred to as a "rule of unanimity," requiring that "when a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "Acknowledging that it has not 'yet advised what form a consent to removal must take,' the Second Circuit has explained that, at minimum, after one defendant removes, 'the remaining defendants [who were properly joined and served] must independently express their consent to removal.'" *Drayton v. Riverbay Corp.*, No. 17-cv-5455, 2017 WL 4857601, at * 2 (S.D.N.Y. Oct. 26, 2017) (quoting *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012)); *see also Wilmington Trust, N.A. v. Pearson*, No. 18-cv-4845, 2018 WL 3918182, at *1 (S.D.N.Y. Aug. 16, 2018) ("Although the Second Circuit has not yet advised what form a consent to removal must take, it has agreed that the defendants who did not join a notice of removal must independently express their consent to removal." (quotations, alterations and citation omitted)). "To fulfill this requirement, most courts in this district have required some form of unambiguous written evidence of consent." *Drayton*, 2017 WL 4857601, at *2 (quotations and citations omitted); *see also Goldfarb v. New York & Presbyterian Hosp.*, No. 17-cv-3513, 2017 WL 3835243, at * 2 (E.D.N.Y. Sept. 1, 2017) ("[C]ourts in this Circuit have generally required that all defendants either sign the notice of removal or subsequently provide the Court with their unambiguous written consent to removal . . . ."); *Metropolitan Transp. Auth. v. U.S. Fid. & Guar. Co.*, No. 14-cv-9059, 2015 WL 1730067, at * 4 (S.D.N.Y. Apr. 14, 2015) ("Courts in this Circuit have held that the requirement of independent consent . . . requires that each defendant

must submit written consent unambiguously agreeing to removal." (quotations and citation omitted)).

"[S]tatutory procedures for removal are to be strictly construed . . . [and] out of respect for the limited jurisdiction of the federal courts and the rights of states, [federal courts] must resolve any doubts against removability." *People of State of California v. Atlantic Richfield Co. (In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.)*, 488 F.3d 112, 124 (2d Cir. 2007) (quotations, alterations and citations omitted); *see also Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) ("[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." (quotations and citation omitted)). On a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal." *California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (quoting *Grimo v. Blue Cross/Blue Shield of Vermont*, 34 F.3d 148, 151 (2d Cir. 1994)); *accord O'Donnell v. AXA Equitable Life Ins. Co.*, 887 F.3d 124, 128 (2d Cir. 2018). The removing party must demonstrate "not only a jurisdictional basis for removal, but also the necessary compliance with the statutory removal requirements." *Commonwealth Advisors Inc. v. Wells Fargo Bank, N.A.*, No. 15-cv-7834, 2016 WL 3542462, at *2 (S.D.N.Y. June 23, 2016) (quotations and citation omitted); *see also Drayton*, 2017 WL 4857601, at * 1 ("[A] removing defendant must scrupulously comply with the removal statutes' jurisdictional and procedural requirements.") Since nothing in the removal statute "suggests that a district court has discretion to overlook or excuse prescribed procedures[,] . . . the failure of any defendant to provide its written consent . . . constitutes a fatal procedural defect in the removal procedure and warrants a remand of the case." *Drayton*, 2017 WL 4857601, at * 3

(quotations, alterations and citations omitted); *see also L.Y.E. Diamonds Ltd. v. Gemological Inst. of Am. Inc.*, No. 16-cv-3766, 2017 WL 1207839, at * 4 (S.D.N.Y. Mar. 31, 2017) ("Courts have very little discretion—if any—to forgive a failure to comply with the rule of unanimity." (quoting *Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc.*, No. 12-cv-5557, 2013 WL 1234958, at * 5 (S.D.N.Y. Mar. 25, 2013))); *Commonwealth Advisors*, 2016 WL 3542462, at * 3 ("If any defendant does not consent to removal within the requisite time, the plaintiff's decision to bring his action in a state forum will trump and removal will fail. . . . The rule advances the congressional purpose of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal and in favor of remand." (quotations and citations omitted)).

The Pinczewski Defendants have not met their burden of demonstrating that the rule of unanimity was satisfied in this case, insofar as they have not established that MSMC either joined in or independently expressed its unambiguous consent to the removal of this action. It is undisputed that MSMC is not designated as a removing defendant on the notice of removal, and that nobody signed the notice of removal on its behalf.[4] However, the Pinczewski Defendants contend, *inter alia*, that while MSMC, "was not named as one of the 'Removing Defendants,' its

---

[4] Even assuming, *arguendo*, that the designation of Mr. Pinczewski as counsel for MSMC in the addendum to the civil cover sheet was sufficient to evidence his representation of MSMC in this action, he signed the notice of removal on behalf of the Removing Defendants only, and MSMC is not designated therein as one of the "Removing Defendants." *See, e.g. L.Y.E. Diamonds*, 2017 WL 1207839, at * 5 ("[W]ith respect to Rapaport Diamond, the Rapaport Defendants neglect to point to any indication of independent consent, but rather—for the first time in their supplemental letter—state that the notice of removal was filed on behalf of both Rapaport USA and Rapaport Diamond. And, given the specific decision made by counsel who represents both Rapaport Defendants—to specifically state that 'Rapaport USA ... hereby removes this action,' . . . the circumstances indicate a conscious decision on the part of Rapaport Diamond to disregard the rule of unanimity. Whether counsel chose not to include Rapaport Diamond in the notice of removal in reliance on their argument that Rapaport Diamond was fraudulently joined, omitted it in error, or for some other strategic reason is not relevant; whatever the reason, Rapaport Diamond's consent was not independently given at any point in time.") Indeed, the Pinczewski Defendants concede that MSMC "did not specifically join the Notice of Removal as a 'Removing Party'" because "[a]t the time the Notice of Removal was filed, Main Street had no reason to believe it had been served with the Complaint." (Def. Mem. at 4).

10

consent was clearly indicated by its inclusion as a 'Consenting Defendant' in the Notice filed by its counsel and the statements [sic] in the Notice that all Defendants were consenting to removal." (Pinczewski Defendants' Memorandum of Law in Opposition to Remand ["Def. Mem."] at 1).

Contrary to the Pinczewski Defendants' contention, MSMC's inclusion as one of the "Consenting Defendants" in the notice of removal, together with the statement in the introductory paragraph therein indicating that removal was made "with the consent of all defendants," (NOR at 2), are insufficient to evidence MSMC's independent and unambiguous written consent to the removal, particularly since the notice of removal both includes MSMC as one of the "Consenting Defendants," yet distinguishes between the "Consenting Defendants" and MSMC. Moreover, unlike all of the other defendants designated as "Consenting Defendants" in the notice of removal, MSMC is not included as a consenting defendant on either of the Written Consents attached thereto, *i.e.*, it did not timely submit unambiguous written evidence of its consent to the removal, or otherwise independently express its consent to the removal. *See, e.g. Drayton*, 2017 WL 4857601, at * 2 ("By definition, the individual defendants cannot 'independently express' their consent through . . . [the] unilateral representation" of counsel in the notice of removal that "all co-defendants have consented to the removal to District Court. This Court joins the overwhelming majority of courts in this circuit in concluding that [counsel's] 'vouching-in' cannot fulfill § 1446's rule of unanimity."); *Goldfarb*, 2-17 WL 3835243, at * 2 ("It is not enough for the removing defendant to simply state that the other defendants consent."); *L.Y.E. Diamonds*, 2017 WL 1207839, at * 4 ("[I]t is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court

11

on its behalf."); *Metropolitan Transp. Auth.*, 2015 WL 1730067, at * 4 ("[W]here . . .the removing defendant represents to the Court that the other defendants have consented to removal, the rule of unanimity is not satisfied unless the other defendants either sign the notice of removal or subsequently provide the Court with their unambiguous written consent to removal within the thirty-day period." (quotations and citation omitted)).

The cases cited by the Pinczewski Defendants in support of their contention that "an attorney may consent to removal on behalf of their client[,]" (Def. Mem. at 5), are distinguishable. In *Ferreira v. New York Daily News*, No. 08-cv-1520, 2009 WL 890577 (E.D.N.Y. Mar. 31, 2009), the removing defendants attached to their notice of removal the affirmation of Anne B. Carroll, Esq., the Vice President and Deputy General Counsel of the Daily News, indicating that she represented the Daily News and Mr. Donohue, and that both of those defendants consented to the removal of the action. *Id.* at * 2. No such unambiguous written consent is attached to the notice of removal in this case, *i.e.*, Mr. Pinczewski neither signed the notice of removal on behalf of MSMC, nor otherwise indicated therein, or in a sworn affirmation attached thereto, that he represents MSMC or that MSMC independently consents to removal.

In *Baiul v. William Morris Agency, LLC*, No. 13-cv-8683, 2014 WL 465708 (S.D.N.Y. Feb. 3, 2014), counsel for both the removing defendants and the non-removing defendants specifically indicated in the notice of removal that the non-removing defendants consented to removal.  *Id.* at * 2. No such unambiguous consent is indicated on behalf of MSMC in the notice of removal in this case. To the contrary, the notice of removal merely designates MSMC, together with the WEM Defendants and Alliance Defendants, as "Consenting Defendants," then distinguishes between the "Consenting Defendants" and MSMC by: (i) asserting that all of the "Consenting Defendants" were served "with a copy of the Complaint, and consent to the removal of the State

12

Court Action[,]" (NOR, ¶ 12), but MSMC "has not been served with the Complaint," (*id.*, ¶ 13); and (ii) indicating that "the Consenting Defendants" have signed consents to removal of the State Court Action, which are attached [t]hereto as Exhibit C[,]" (*id.*, ¶ 12), when neither of the Written Consents attached thereto is signed on behalf of MSMC. (*See Id.*, Ex. C).

In *Bill Wolf Petroleum Corp. v. Village of Port Washington N.*, 489 F. Supp. 2d 203, 208 (E.D.N.Y. 2007), all of the defendants were represented by the same attorney, who: (i) filed a notice of removal, "specifically noting that the notice was filed on behalf of all the [d]efendants, listing each by name," and (ii) signed the notice of removal noting above the signature line "that he was counsel to all of the [d]efendants, again, specifically listing each Defendant by name." *Id.* at 208. Accordingly, the court found that it was "clear that the notice of removal was properly filed and that all of the [d]efendants consented to removal, through their counsel." *Id.* Unlike that case, the notice of removal in this case specifically indicates that it was filed on behalf of the Removing Defendants only, listing each by name and excluding, *inter alia*, MSMC; and counsel signed the notice of removal indicating below the signature line that he was counsel for the Removing Defendants only. Accordingly, nothing in the notice of removal in this case, or the documents attached thereto, expresses MSMC's independent and unambiguous consent to removal.

Only three (3) exceptions to the rule of unanimity have been recognized, "permitting a removing defendant to forego securing the consent of any co-defendant who: (1) has not been served with service of process at the time the removal petition is filed; (2) is merely a nominal or formal party; or (3) is not subject to the removed claim, which is a separate and independent claim from those asserted against the non-consenting defendant as defined by 28 U.S.C. § 1441(c)." *Wilmington Trust*, 2018 WL 3918182, at * 2 (quotations, alterations and citation

omitted); *accord L.Y.E. Diamonds*, 2017 WL 1207839, at * 4; *Metropolitan Transp. Auth.*, 2015 WL 1730067, at * 4. The latter two (2) exceptions to the rule of unanimity clearly do not apply in this case since MSMC is not merely a nominal or formal party and is subject to the removed claim[5].

The first exception to the rule of unanimity is also not applicable. "[S]tate law determines whether service is complete for the purposes of section 1446." *Williams v. Connell*, No. 12-cv-3593, 2017 WL 2829686, at * 4 (E.D.N.Y. June 29, 2017); *see also Stop & Shop Supermarket Co. LLC v. Goldsmith*, No. 10-cv-3052, 2011 WL 1236121, at * 5 (S.D.N.Y. Mar. 31, 2011) ("New York state law will determine whether a defendant has been properly [] served for purposes of [the rule of unanimity]." (quotations and alterations omitted)); *Vistra Trust Co. v. Stoffel*, No. 08-cv-2844, 2008 WL 5454126, at * 6 (S.D.N.Y. Dec. 29, 2008) ("[S]tate law governs the sufficiency of service of process before removal." (quotations and citation omitted)). The assertion by counsel for the Pinczewski Defendants that MSMC's consent was not required because at some unspecified time during "the course of preparing the Notice of Removal," MSMC, by some unidentified person, "advised that it was not served with a copy of the Complaint[,]"[6] (Pinczewski Decl., ¶¶ 4-5), is insufficient to establish that the first exception

---

[5] Although plaintiffs do not assert their RICO claims against all defendants, they do assert RICO claims against, *inter alia*, MSMC. (*See* Complaint, ¶¶ 428-444).

[6] Counsel does not indicate who MSMC allegedly "advised that it was not served with a copy of the Complaint." (Pinczewski Decl., ¶ 5). Moreover, there is no affidavit from a director, officer, employee or managing or general agent of MSMC, or of anyone else with personal knowledge, attesting to the service of process upon MSMC, or lack thereof, or to the status of MSMC as an active or defunct corporation. Counsel's hearsay assertions are of little, if any, evidentiary value and are insufficient to rebut the presumption of proper service of process upon MSMC arising from the process server's affidavit of service. *Cf. Old Republic Ins. Co. v. Pacific Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57-58 (2d Cir. 2002) ("In New York, a process server's affidavit of service establishes a prima facie case of the account of the method of service. . . [Although] [a] defendant's sworn denial of receipt of service . . . rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing[,] . . . no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits.")

14

applies because, *inter alia*, MSMC, as a domestic corporation, was in fact properly served under New York state law when the summons and verified complaint were delivered to the New York Secretary of State on July 9, 2018, *i.e.*, prior to the filing of the notice of removal on August 1, 2018[7]. *See generally Baker v. Latham Sparrowbush Assocs.*, 72 F.3d 246, 254 (2d Cir. 1995) ("Corporations in virtually every state are required to appoint a registered agent upon whom service of process may be made. . . . This, we think, evidences a general reasonable belief that the proper service of process upon the agent will be effective service upon the corporation. New York designates the Secretary of State as agent for service of process for all corporations."); *e.g. Claudio v. Show Piers on Hudson*, 82 A.D.3d 432, 432, 917 N.Y.S.2d 860 (N.Y. App. Div. 2011) (holding that service of process is complete when the summons and complaint are personally served upon the New York Secretary of State); *Perkins v. 686 Halsey Food Corp.*, 36 A.D.3d 881, 881, 829 N.Y.S.2d 185 (N.Y. App. Div. 2007) ("Service of process on a corporate defendant by serving the summons and complaint on the Secretary of State pursuant to Business Corporation Law § 306 is valid service." (quotations, alterations and citation omitted)). The Pinczewski Defendants' contentions that MSMC "was unaware that service had been attempted or effectuated through the Secretary of State at the time the Notice of Removal was filed[,]" (Def. Mem. at 6), and that MSMC did not "actually receive[] the Summons and Complaint," (*id.*; *see also* Pinczewski Decl., ¶¶ 9-10), are of no relevance since Section 306(b)(1) of the New York Business Corporation Law "does not make completion of service contingent upon the Secretary

---

[7] Section 311(a)(1) of the New York Civil Practice Law and Rules provides, in relevant part, that "[a] business corporation may . . . be served pursuant to section three hundred six . . . of the business corporation law." Section 306(b)(1) of the New York Business Corporation Law provides, in pertinent part, "Service of process on the secretary of state as agent of a domestic or authorized foreign corporation shall be made by personally delivering to and leaving with the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee, which fee shall be a taxable disbursement. Service of process on such corporation shall be complete when the secretary of state is so served."

of State's mailing."[8] *Claudio*, 82 A.D.3d at 432, 917 N.Y.S.2d 860 (citing *Flick v. Stewart-Warner Corp.*, 76 N.Y.2d 50, 56-57, 556 N.Y.S.2d 510, 555 N.E.2d 907 (N.Y. 1990)) *see also* N.Y. Bus. Corp. Law § 306(b)(1) ("Service of process on [a domestic or authorized foreign] corporation shall be complete when the secretary of state is so served."); *Perkins*, 36 A.D.3d at 881, 829 N.Y.S.2d 185 ("Although the appellant maintains that it never received notice of the commencement of this action, service was complete upon delivery of process to the Secretary of State.")

The case *In re Pfohl Bros. Landfill Litig.*, 67 F. Supp. 2d 177, 183 (W.D.N.Y. 1999), upon which the Pinczewski Defendants rely, is unpersuasive. In *Pfohl*, the district court held, in relevant part:

> "This court has held that service on a statutory agent pursuant to N.Y Gen. Bus. Law [sic] § 306(b)(1) is insufficient to require such served defendant to join in a removal petition. *Medina v. Wal–Mart Stores, Inc.*, 945 F. Supp. 519, 520 (W.D.N.Y. 1996). In *Medina*, the court found that whether such service was sufficient to obtain jurisdiction over a defendant was 'not relevant to [the] question of whether defendant's notice of removal is timely' and, instead, held that 'a strict reading of the statute supports the position that the thirty-day period does not begin to run until the defendant actually receives a copy of the pleadings.' *Medina, supra*, at 520."

*Pfohl*, 67 F. Supp. 2d at 183 (brackets in original). The court's reliance on *Medina*, however, was misplaced, as *Medina* did not involve the rule of unanimity at all. Rather, the issue in *Medina* was whether the notice of removal filed by the sole defendant in that case was timely. Accordingly, the *Medina* court construed the language set forth in a pre-amendment version of 28 U.S.C. § 1446(b), effective December 8, 1994 to October 18, 1996, prescribing, in relevant part, that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days *after the receipt by the*

---

[8] Moreover, the state court docket indicates that an affidavit of service with respect to MSMC was filed on July 11, 2018, prior to the date the notice of removal was filed. (Short Decl., Ex. 1 at DE 6). Thus, even a cursory review of the state court docket would have provided MSMC and/or its counsel notice that service had been effectuated through its statutory agent pursuant to N.Y. Bus. Corp. Law § 306(b)(1) at the time of the notice of removal was filed.

*defendant, through service or otherwise,* of a copy of the initial pleading,"[9] *id.* (emphasis added), to hold that the thirty (30)-day period to file a notice of removal "does not begin to run until the defendant actually receives a copy of the pleadings."[10] *Medina*, 945 F. Supp. at 520. The *Pfohl* court subsequently extended *Medina*'s holding to apply equally to the rule of unanimity without explanation. *Cf. Williams*, 2017 WL 2829686 (rejecting the plaintiffs' argument that removal was untimely on the basis that they "confuse[d] the rule of unanimity with the timeliness of removal—they conflate[d] the 30 day requirement for filing notices of removal under 28 U.S.C. § 1446(b)(1) [of the current version of the statute] with the rule of unanimity codified at 28 U.S.C. § 1446(b)(2)(A).")

Similarly, the issue in the case *Fernandez v. Hale Trailer Brake & Wheel*, 332 F. Supp. 2d 621 (S.D.N.Y. 2004), upon which the Pinczewski Defendants rely, was whether the notice of removal filed by the defendants was timely. Like *Medina*, the court in that case construed the language of a pre-amendment version of 28 U.S.C. § 1446(b), effective October 19, 1996 to November 8, 2011, similarly providing that a notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading," to hold that "[w]hen service of process is made upon a statutory agent rather than on the defendant personally, the thirty-day period during which the defendant may remove the case does not begin with service

---

[9] This statutory language is essentially the same in Section 1446(b)(1) of the current version of the removal statute, which governs the timing of removal. *See Bank of Am., N.A. v. Krumholz*, No. 18-cv-4955, 2018 WL 4471639, at * 1 (E.D.N.Y. Sept. 18, 2018).

[10] Moreover, *Medina* was decided more than two (2) years prior to the Supreme Court's decision in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (U.S.1999), in which the Supreme Court construed the language of a pre-amendment version of Section 1446(b) to mean that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* at 347-48. Thus, where, as here, the summons and complaint were simultaneously served upon a defendant, the thirty (30)-day period for removal "runs at once," *id.* at 354, 119 S. Ct. 1322, *i.e.*, once service is complete.

upon the agent, but rather, when the defendant receives personal service of the summons and complaint[,] . . . because beginning the time to remove an action when the defendant receives the summons and not when the statutory agent is served is consistent with the plain language of [the pre-amendment version of] § 1446[b]." *Fernandez*, 332 F.Supp.2d at 624. Accordingly, *Fernandez*, like *Medina*, is inapposite, as it did not involve the rule of unanimity at all.

Furthermore, at the time *Pfohl* was decided, the rule of unanimity was not yet codified in the removal statute and was merely enforced through "general agreement among the courts." *Snakepit Automotive, Inc. v. Superperformance Int'l, LLC*, 489 F. Supp. 2d 196, 201 (E.D.N.Y. 2007); *see also Pietrangelo*, 686 F.3d at 66 ("The pre-amendment § 1446(b) speaks only of the requirements for filing a notice of removal; it does not speak to joinder in another defendant's notice of removal." (quotations and citation omitted)); *Gurney's Inn Resort & Spa Ltd. v. Benjamin*, 743 F. Supp. 2d 117, 120 (E.D.N.Y. 2010) ("[A]lthough there is no statutory requirement that all defendants either must join the petition for removal or consent to removal, courts have consistently interpreted [pre-amendment] 28 U.S.C. § 1446 as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the 'rule of unanimity.'" (quotations and citation omitted)). However, in 2011, the Federal Courts Jurisdiction and Venue Clarification Act, Pub. L. 112-63, 125 Stat. 758, 760 (2011), amended the removal statute, *inter alia*, to codify the rule of unanimity. Unlike Section 1446(b) of the pre-amendment versions of the statute and Section 1446(b)(1) of the current statute governing the timing of removal, all of which speak in terms of the defendant's receipt, "through service or otherwise," of the initial pleading, the rule of unanimity codified in the current removal statute speaks in terms of service of process, *i.e.*, it provides that where, as here, "a civil action is removed solely under section 1441(a), all defendants *who have been properly joined and served* must join in or consent to the removal of the action."

18

*Id.*, § 1446(b)(2)(A) (emphasis added). Thus, contrary to the holding in *Pfohl*, the plain language of the current removal statute, particularly the rule of unanimity set forth in 28 U.S.C. § 1446(b)(2)(A), supports plaintiffs' position that any defendant who is properly joined and served in the action at the time the notice of removal is filed "*must* join in or consent to the removal of the action," 28 U.S.C. § 1446(b)(2)(A) (emphasis added), regardless of the defendant's actual receipt of the initial pleading. Since it is undisputed that MSMC was properly joined in this action and served with process pursuant to N.Y. C.P.L.R. § 311(a)(1) and N.Y. Bus. Corp. Law § 306(b)(1) at the time the notice of removal was filed, MSMC was required to join in or consent to the removal, regardless of its actual receipt of the complaint from the Secretary of State, particularly since evidence of such service of process was clear from the state court docket at the time the notice of removal was filed.

Another case cited by the Pinczewski Defendants, *Edley v. Avis Rent A Car Sys., LLC*, No. 03-cv-5065, 2004 WL 594917 (S.D.N.Y. Mar. 25, 2004), is inapposite, as the issue in that case was whether the non-consenting defendant was properly served pursuant to Section 253(2) of the New York Vehicle and Traffic Law when the notice of removal was filed. The court ultimately determined that the non-consenting defendant had not been properly served with process pursuant to that statute and, thus, that the case fell "within the judicial exception to the requirement of contemporaneous unanimity." *Id.* at * 3. To the contrary, since MSMC was properly served with process pursuant to state law when the notice of removal was filed, and neither of the other exceptions to the rule of unanimity apply, its failure to either join in the notice of removal or express its independent and unambiguous written consent to the removal is a fatal procedural defect warranting remand. Accordingly, plaintiffs' motion to remand is granted and this action is remanded to the state court pursuant to 28 U.S.C. § 1447(c).

19

IV.    Conclusion

For the reasons set forth above, plaintiffs' motion to remand is granted and this action is

remanded to the state court pursuant to 28 U.S.C. § 1447(c). The Clerk of the Court shall mail a

certified copy of this order to the clerk of the Supreme Court of the State of New York, County

of Nassau, pursuant to 28 U.S.C. § 1447(c) and close this case.

**SO ORDERED.**

_____/s/_____
Sandra J. Feuerstein
United States District Judge

Dated:  December 14, 2018
        Central Islip, New York